## SMOOT & DINSMORE vs. BALDWIN.

Sale of slaves not followed by delivery, will not prevail against a second purchaser to whom they are delivered.

APPEAL from the court of the sixth district.

MATHEWS, J. delivered the opinion of the court. This is a suit for the recovery of certain slaves, described in the petition of the plaintiffs. The answer of the defendant contains the general issue, and further sets up title to the property in dispute, under a purchase bona fide, accompanied by an actual delivery of the things sold. He obtained judgment in the court below, from which the plaintiffs appealed.

The evidence which they offer in support of their claim and title, is a bill of sale from one G. C. Russel, to them, containing a clause of de-

feasance, on condition that the vendee should save them harmless from the effects of a suretyship, into which they had entered for his benefit. They further shew a judgment of a court of the state of Alabama, by which they were condemned to pay the amount for which they had become sureties, and satisfaction of said judgment. A witness introduced to prove the laws of Alabama, testifies that the instrument above cited is a valid contract of sale between the parties, but that as it was not accompanied by a tradition of the slaves therein mentioned to the vendees, it cannot affect a subsequent purchaser, in good faith, to whom a delivery may have been made; as settled by decisions of the courts of that state.

The defendant has supported his plea of title by an authentic act of sale from the original owner of the slaves, and possession under it. There is no evidence in the record which shews that he had knowledge of the prior sale to the plaintiffs, previous to his contract with Russel, or any want of integrity on his part in the bargain.

Whether we take, as the basis of our decision in this case, the laws of Alabama, (as they

SMOOT & AL.
*vs.*
BALDWIN.

are shewn by the testimony contained in the record,) or those of our own state, the result must be the same.

A contract of sale is perfect, in relation to third persons, only after tradition of the thing sold. This, it is true, may be legal and fictitious; when the intention of the parties is manifested by expressions to that effect in the act of sale, &c. But the deed exhibited by the appellants contains no expression of delivery.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Thomas* for the plaintiffs, *Baldwin* for the defendant.